# THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY MITCHELL, | ) | 1:13-cv-01324 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO |
| | ) | FILE AMENDED COMPLAINT OR |
| v. | ) | NOTIFY COURT OF WILLINGESS TO |
| | ) | PROCEED ONLY ON CLAIMS |
| | ) | FOUND TO BE COGNIZABLE |
| B. DAVEIGA, et al., | ) | |
| | ) | RESPONSE DUE IN THIRTY DAYS |
| Defendants. | ) | |

## I.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on October 28, 2013 (ECF No. 6).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.      Plaintiff's Claims

### A.      Summary of Complaint

This action proceeds on the July 14, 2014, second amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison, where the events at issue occurred. Plaintiff names the following individual defendants: Chief Deputy Warden E. Blanco; Lieutenant P. Morales; Sergeant Sheldon; Correctional Officer (C/O) Chavez; Appeals Coordinators B. Daveiga, S. Tallerica and D. Tarnoff. Plaintiff also names two Defendants at High Desert State Prison, Correctional Counselor L. Maldonaldo and Classification Committee Chair Williams. Plaintiff claims that Defendants failed to protect from injury by another inmate in violation of the Eighth Amendment prohibition on cruel and unusual punishment.

Plaintiff alleges that he was twice attacked by members of the 2-5 prison gang. Plaintiff was hospitalized and suffered a broken hand, a broken jaw and deep bruising and lacerations from being kicked and dragged along a concrete surface. Plaintiff filed administrative grievances (an emergency 602), requesting that the defendants protect him from the 2-5 gang members.

Defendant Appeals Coordinators Tarnoff, Daveiga and Tallerica denied Plaintiff's grievance. Plaintiff alleges that the grievance was denied on technical grounds. Plaintiff alleges that four days after he received the rejection of his emergency appeal, he was approached by Defendants Chaves and Sheldon. Plaintiff was housed in the Administrative Segregation Unit (ASU). Plaintiff was told that he was going to get a cellmate.

Plaintiff alleges that he advised Defendants Chavez and Sheldon that he had serious enemy concerns in the ASU unit. Two of the 2-5 gang members that attacked him on the yard were housed in the ASU, and they were telling the other gang members to kill Plaintiff on sight. Plaintiff alleges that Chavez and Sheldon were indifferent to his concerns, directing Plaintiff to either take a cellmate of face disciplinary charges and the loss of his property.

Plaintiff alleges that the cellmate that was being forced on him was clearly a 2-5 gang member, as "he had a large tattoo on his lower face area, a large '2' on the right side of his chin and a large '5' on the left side of his chin – it was impossible to miss." Plaintiff alleges that approximately 30-45 seconds after Chavez and Sheldon left, the inmate began stabbing Plaintiff in the chest with an "ice pick type knife." Plaintiff alleges that as he and the inmate fought, the sound they made was loud. Plaintiff specifically alleges that there was a loud booming noise as they slammed into the cell door. Sheldon and Chavez "eventually" returned with other staff. Both Plaintiff and the other inmate were removed from the cell. Plaintiff was hospitalized for treatment for his stab wounds.

When Plaintiff returned from the hospital, he continued to file inmate grievances. Plaintiff was interviewed by Lt. Morales. Plaintiff's grievance (Plaintiff does not specify a particular grievance) was returned, indicating that Sgt. Sheldon and C/O Chavez had done nothing wrong. Plaintiff's grievance was denied all the way through the Final, Director's level of review.

Plaintiff was eventually transferred to High Desert State Prison, where he is currently incarcerated. Plaintiff appeared before the classification committee, which included Defendant Maldonaldo and was chaired by Defendant Williams. Plaintiff alleges that Maldonaldo cut him off while he was "apprising Committee Chairperson Williams of the very serious situation with

the 2-5 gang in HDSP." Plaintiff was advised by Williams that "he was a grown man, to handle the 2-5 gang members/associates as a man."

Plaintiff alleges that he suffers from Post Traumatic Stress Disorder, and, as a result, "has difficulty functioning around the inmates in the facility, suspecting all as 'potential' 2-5 gang members/associates, and threatening to his life." Plaintiff alleges that he continues to file appeals, which "mysteriously" get lost.

### B. Failure to Protect

The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 844 (1994). A prison official violates this duty when two requirements are met. Id. at 834. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." Id. Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety." Id. at 834, 839-40 (internal quotation marks omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Deliberate indifference is "something more than mere negligence: but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." Id. at 842.

Liberally construed, the complaint states a claim for relief against Defendants Sheldon and Chaves for failure to protect Plaintiff in violation of the Eighth Amendment.

As to the remaining Defendants, Plaintiff fails to allege any facts indicating that each of them was aware of a particular harm to Plaintiff and acted with deliberate indifference to that harm. An allegation that grievances were filed and that Defendants denied the grievances is insufficient to state a claim for relief. Plaintiff must allege specific facts from which an inference could be drawn by each individual defendant that Plaintiff was at risk of harm. Plaintiff may not impose liability on all of the defendants involved in the grievance process merely because Plaintiff subjectively believed he was in danger.

Further, There is no liberty interest in a prison grievance procedure as it is a procedural right only.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley, 997 F.2d at 495.   The only conduct charged to Defendants is their participation in the grievance process.  The claims against the remaining Kern Valley Defendants should therefore be dismissed.

### C.     High Desert State Prison Claims

Regarding Plaintiff's allegations of conduct by Defendants Maldonaldo and Williams, the federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The decision to transfer venue of a civil action under § 1404(a) lies soundly within the discretion of the trial court.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).   High Desert State Prison is located in Lassen County, in the Sacramento Division of the Eastern District.  The court will therefore dismiss any claims against these defendants without prejudice to filing in the Sacramento Division.

Finally, under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  Hydrick, 500 F.3d at 987.  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the

actor knows or reasonably should know would cause others to inflict the constitutional injury.'"
Id. (quoting Johnson at 743-44).

### III. Conclusion and Order

Plaintiff's complaint states claims under the Eighth Amendment against Defendants Sergeant Sheldon and C/O Chavez for failure to protect Plaintiff  However, the complaint does not state any other cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will dismissal the other claims and defendants, and will forward to Plaintiff two summonses and two USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554  (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Sheldon and Chavez for failure to protect Plaintiff; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 10, 2015**                          **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE