UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>B. DAVIGA, et al.,<br><br>　　　　Defendants. | 1:13-cv-01324-DAD-EPG-PC<br><br>ORDER REQUIRING FURTHER PRODUCTION OF DOCUMENTS FROM DEFENDANT CHAVEZ FOLLOWING IN CAMERA REVIEW OF WITHHELD DOCUMENTS<br><br>SEVEN-DAY DEADLINE |

## I.　BACKGROUND

Corey Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 21, 2013. (ECF No. 1.)  This case now proceeds with the Second Amended Complaint filed on July 14, 2014, against defendants Correctional Officer Chavez and Sergeant Sheldon ("Defendants") for failure to protect Plaintiff from risk of harm in violation of the Eighth Amendment. (ECF No. 11.)

On May 17, 2016, the Court held a status conference to discuss outstanding discovery issues, among other things.  During that conference, and as confirmed in the Court's written order dated May 27, 2016, the Court ordered Defendant Chavez to produce certain documents,

or indicate that they are being withheld on the ground of privilege, in which case Defendant Chavez should submit withheld documents for *in camera* review.  (ECF No. 42)

On June 7, 2016, Defendant Chavez submitted a brief in support of withheld documents (ECF No. 45), and also submitted the withheld documents for *in camera* review.

The Court has reviewed the withheld documents and orders certain additional production.

## II.     APPLICABLE LEGAL STANDARDS

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. Kerr v. United States Dist. Ct. for the N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975).  "Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr, 511 F.2d at 198).  "[T]his is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure . . . ."  Kerr, 511 F.2d at 198.

The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure."  Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987).  The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to by the official. Id. The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure under a protective order would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made.  Id. at 670.  Requiring the defendant to make a "substantial threshold showing" allows the plaintiff to assess the defendant's privilege assertions and decide whether they should be challenged. Id.

The Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988).

### III. ANALYSIS OF WITHHELD DOCUMENTS

The Court has undertaken an *in camera* review of the withheld documents. The Court is in agreement with Defendant regarding many of the withheld/redacted documents because the Court agrees that most of the withheld documents have little if any relevance to this lawsuit and involve confidential and sensitive information about individuals not party to this lawsuit. The Court also appreciates that Defendant has provided certain information in redacted form in order to facilitate disclosure as to certain issues involving Mr. Baylor.

Upon review, the Court disagrees with withholding as to AGO 179-181. This is a report concerning the underlying incident in this case. The Court has reviewed the Declaration of Brian Hancock in Support of Privilege Log in Response to Plaintiff's Request for Production of Documents, Sets One and Two, dated December 10, 2015, especially pages 96-97 of that document. In that declaration, Mr. Hancock generally argues that disclosure would harm prison safety by disclosing the manner of conducting investigations and confidential information about staff. It also states that staff members may be less inclined to be forthright if they understand their statements could be provided in litigation.

Without ruling on the admissibility of the report in light of hearsay and other evidentiary issues, the Court finds that it is very relevant to the dispute in this case. It contains a summary of information garnered from percipient witnesses related to the underlying event. It does not indicate that any information was provided by a confidential informant with concerns about its safety. The information appears to originate from correctional officers themselves. It does not provide any confidential information about those correctional officers. It also does not disclose confidential sensitive prison information that would reveal safety procedures of the prison. There is nothing about prison policy regarding investigations that appears sensitive or indeed suprising in any way—it merely summarizes the results of various

interviews. The Court is also not convinced that disclosure of statements made in the course of an investigation would necessarily impede truthfulness. Indeed, it is just as possible that correctional officers would be more forthright realizing that their statements could be subject to discovery. In any event, concerns that officers might decide to lie if they realized their statements would be admissible in a court of law is not a persuasive reason to withhold the documents as privileged.

Thus, taking into account all interests at issue in this case, the Court orders Defendant Chavez to provide documents at AGO 179-181 in unredacted form. The Court agrees with Defendant's other redactions and withholdings.

The Court notes that this was a case and document-specific analysis considering the interests of the parties and specific content of this document, and does not necessarily apply to any other document or report in this or any other case.

**IV.   CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendant Chavez shall provide Plaintiff with unredacted copies of the documents at AGO 179-181 within one week (7 days) from the date of this order.

IT IS SO ORDERED.

Dated:   **June 22, 2016**            /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE