UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAVEZ, et al.<br><br>    Defendants. | No. 1:13-cv-01324-DAD-EPG-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING DEFENDANT CHAVEZ'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 50) |

Plaintiff Corey Mitchell is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 19, 2016, findings and recommendations were entered by the assigned magistrate judge recommending that defendant Chavez's motion for summary judgment be denied. (Doc. No. 50.) On August 3, 2016, defendant filed objections to the findings and recommendations. (Doc. No. 51.) On August 18, 2016, plaintiff filed a reply to those objections. (Doc. No. 52.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of the case. Having carefully reviewed the entire file, including defendant's objections and plaintiff's reply, the court finds the findings and recommendations to be supported by the record and proper analysis.

1

While defendant Chavez disputes the magistrate judge's recommendations with respect to the issue of qualified immunity, his objections are ultimately unpersuasive.  (Doc. No. 51.) Defendant argues that the magistrate judge erred by not considering relevant Ninth Circuit precedent, *Ruiz v. Sotelo*, 338 Fed. Appx. 665, 666 (9th Cir. 2009).  (Doc. No. 51 at 2).  The factual circumstances at issue in *Ruiz* differ from those in the present action, however.  In *Ruiz*, the court found that qualified immunity protected the defendant correctional officers from § 1983 claims based on alleged deliberate indifference in making cell assignments.  *Id.*  Specifically, the court concluded that a reasonable official would not have known at the time in question that the relevant cell assignment involved a substantial risk of harm, given the undisputed evidence that both cellmates had given written consent to the assignment and had "appeared to quietly acquiesce" when placed in the shared cell.  *Id.*  In the present action, however, the parties dispute whether plaintiff freely consented to the cell assignment at issue, and whether he voiced any specific concerns to defendant about the cell assignment in question.  (Doc. No. 50 at 8.)  Thus, the Ninth Circuit's decision in *Ruiz* does not govern the result in the instant case given the evidence before the court on summary judgment.

Ultimately, given the conflicting factual accounts presented by the parties on summary judgment, the undersigned agrees with the magistrate judge's conclusion  that defendant Chavez is not entitled to summary judgment on the issue of qualified immunity.  *See Liston v. County of Riverside*, 120 F.3d 965, 975 (9th Cir. 1997) (stating that, where factual disputes exist, the case cannot be resolved at summary judgment on qualified immunity grounds); *see also Castro v. County of Los Angeles*, 797 F.3d 654, 668–69 (9th Cir. 2015) (finding qualified immunity did not preclude a § 1983 deliberate indifference suit against defendant correctional officer based on cell assignment decisions, after noting that the inmates had not consented to their shared cell assignment); *cf. Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1052 (9th Cir. 2002) (holding defendant correctional officer was entitled to qualified immunity in a § 1983 suit premised on an improper cell assignment, based on undisputed evidence that both inmates consented to the assignment, and that the inmates had previously celled together for two weeks without incident); *cf. Ruiz v. Walker*, No. C 06-5559 SI (pr), 2008 WL 512710, at *10 (N.D. Cal. Feb. 25, 2008)

(finding that defendants were entitled to qualified immunity because the inmates had given written consent to the assignment, and because plaintiff had produced "no evidence of a specific threat" posed by the new assignment).

Accordingly, for the reasons set forth above:

1. The findings and recommendations issued by the magistrate judge on July 19, 2016, are adopted in full;
2. Defendant Chavez's motion for summary judgment, filed on May 5, 2016, is denied; and
3. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **September 13, 2016**  　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE