UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAVEZ, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01324-DAD-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE COURT ORDER<br><br>(ECF No. 48) |

**I.   BACKGROUND**

Plaintiff Corey Mitchell, an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") has alleged a claim under the Eighth Amendment against Defendant Correctional Officer ("C/O") Chavez and Defendant Sergeant Sheldon for failure to protect. Plaintiff alleges in his second amended complaint that on September 5, 2011, Defendants Chavez and Sheldon ignored Plaintiff's concerns regarding his safety and directed Plaintiff to accept a cellmate, Baylor, who thereafter stabbed Plaintiff in the chest while they were incarcerated at Kern Valley State Prison ("KVSP").

Discovery concluded in this case on February 25, 2016. (ECF No. 20.)  On May 5, 2016, Defendant Chavez filed a motion for summary judgment on the merits of the case. (ECF No. 37.) A telephonic status conference was held twelve days later on May 17, 2016. (ECF Nos. 41-42.) Several pending motions and discovery disputes were addressed at the hearing. (*Id*.)  The Court

ordered Defendant Chavez to produce certain documents, or indicate that they are being withheld on the ground of privilege, in which case Defendant Chavez should submit withheld documents for *in camera* review. (*Id*.) Specifically, the Court ordered Defendant Chavez to produce to Plaintiff inmate McCloud's staff complaint, Appeal #KVSP-0-11-01157, and all related documents including reports of investigation. (ECF No. 41, pp. 2-3.) The Court also ordered Defendant Chavez to produce the Baylor Crime Incident Report (CIR) and the Rules Violation Report (RVR) of the Baylor incident. (*Id*. at 3).

Plaintiff filed a response in opposition to the pending motion for summary judgment on May 27, 2016 (ECF No. 43.) On June 7, Defendant Chavez filed a reply in support of his motion for summary judgment. (ECF No. 46.) Defendant Chavez also submitted a brief in support of application of the official information privilege as a basis for withholding production of certain documents, and submitted the withheld documents for *in camera review*. (ECF No. 45.) The *in camera* submission was reviewed, and the Court issued an order on June 22, requiring further production and finding other information properly withheld. (ECF No. 47.)

After the discovery deadline had passed, Plaintiff filed the instant discovery motion on June 27, 2016. (ECF No. 48.) He requests a court order requiring:

1) Defendant Chavez to produce certain photographs that were attached to the Baylor CIR and RVR and sanctions for failing to produce the photographs;

2) the deposition of inmate McCloud in order to explain inconsistencies between a document that Plaintiff viewed at an earlier date and the McCloud's staff complaint, Appeal #KVSP-0-11-01157, later produced to Plaintiff; and

3) the defendants to produce any statements they made concerning the Baylor incident.

Defendant Chavez filed a response in opposition to the discovery motion on July 13. (ECF No. 49).

This Court issued findings and recommendations on July 19, 2016, recommending that Defendant Chavez's motion for summary judgment be denied. (ECF No. 50.) The findings and recommendations were adopted in full on September 14. (ECF No. 53.) The next day, Plaintiff

filed a motion for emergency restraining order. (ECF No. 54.)

The Court held a telephonic status conference on October 20, 2016, wherein the Court discussed the pending motions and scheduling for the remainder of the case. Plaintiff orally presented a motion to appoint counsel, which was denied without prejudice for reasons stated on the record. Separate orders will issue concerning the scheduling of a settlement conference, pretrial conference, trial, and related deadlines. Findings and recommendations will be issued separately concerning Plaintiff's request for an emergency restraining order (Doc. 54). For the reasons stated at the hearing and in this order, Plaintiff's discovery motion (Doc. 48) is denied.

## II. DISCUSSION

### A. Photographs

Plaintiff requests an order requiring Defendant Chavez to produce certain photographs that were attached to the Baylor CIR and RVR and sanctions for failing to produce the photographs. (ECF No. 48.) Plaintiff argues that Defendant Chavez deliberately withheld the photographic evidence that would have assisted Plaintiff in opposing Defendant Chavez's motion for summary judgment, and as a result, sanctions should be imposed. (*Id*., p. 2.)

Defendant Chavez responds by stating that the photographs were not produced because it was unclear whether Plaintiff sought the photographs at the time of the May 17 hearing. (ECF No. 49, p. 3.) Defendant Chavez further explains that Plaintiff never raised an issue concerning the photographs, and they were always available for inspection with Plaintiff's correctional counselor. (*Id*.) Although it is true that the photographs were part of the CIR that was ordered produced, Defendant Chavez notes that the photographs were in a separate entry on his privilege log. (*Id*.) With the filing of his response, Defendant Chavez also produced copies of the photographs to Plaintiff. (*Id*.)

The Court finds it troubling that these documents were not previously produced to Plaintiff. The photographs were plainly relevant to Plaintiff's case. Although this case has already moved passed summary judgment, the photographs would have been beneficial to Plaintiff's response to the pending motion for summary judgment.

However, the Court does not find evidence of bad faith or intentional disregard of a court

1 order required to impose sanctions.  Defendant Chavez's counsel indicated that he evaluated the
2 photographs and considered production of the photographs to be a security concern. (ECF No.
3 49-1, p.2 ¶ 6.)  Thus, the photographs, although technically part of the CIR ordered produced,
4 were withheld pursuant to official information privilege and separately listed on Defendant
5 Chavez's privilege log. (*Id*.)  The privilege log indicated that Plaintiff could have requested to
6 view the photographs as early as September 4, 2015. (*Id*. ¶ 7).  Ultimately, Plaintiff was not
7 prejudiced by this oversight.  Plaintiff now has the photographs, and this case has proceeded past
8 dispositive motions.

## B.  Inmate McCloud Deposition

10       Plaintiff also seeks a court order requiring the deposition of inmate McCloud in order to
11 explain inconsistencies between a document that Plaintiff viewed at an earlier date and the
12 McCloud's staff complaint, Appeal #KVSP-0-11-01157, later produced to Plaintiff.  Plaintiff
13 indicates that inmate McCloud, a third-party, showed Plaintiff a copy of the appeal, and the
14 appeal mentioned the security concerns relevant to Plaintiff's case.  Plaintiff states that he wrote
15 down everything on McCloud's appeal, and then he turned over his only copy to counsel for the
16 defendants around the time of his deposition.  After Plaintiff received the copy of McCloud's
17 appeal from Defendant Chavez, the document did not contain the information concerning
18 Plaintiff that he believes he viewed earlier.  Therefore, Plaintiff believes that an attachment to the
19 appeal may have been withheld by Defendant Chavez.  To resolve this situation, Plaintiff would
20 like inmate McCloud to be deposed by counsel for the defendants with a list of questions
21 provided by Plaintiff, who does not want to depose inmate McCloud himself.

22       When faced with a Rule 34 request for production, the responding party must produce or
23 permit inspection of documents in their possession, custody, or control. Fed. R. Civ. P. 34.  A
24 responding party's obligation in locating responsive documents is appropriately summarized as
25 follows:

> "[A] party responding to a Rule 34 production request is under an affirmative
> duty to seek that information reasonably available to it from its employees,
> agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234
> F.R.D. 186, 189 (C.D.Cal. 2006) (internal quotations and citations omitted). A

4

> reasonable inquiry requires, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party]." *Id.* (quoting *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D.Cal. 1987)). Where a party does not have responsive documents, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D.Cal. 2012). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents. *See Meeks v. Parsons*, No. 1:03–cv–6700–LJO–GSA, 2009 WL 3003718, at * 4 (E.D.Cal. Sept.18, 2009) (citing *A. Farber & Partners Inc.*, 234 F.R.D. at 190).

*McKeen-Chaplin v. Provident Sav. Bank*, FSB, No. 2:12-CV-03035 GEB AC, 2015 WL 502697, at *8 (E.D. Cal. Feb. 5, 2015).

Here, Defendant Chavez informed the Court that he has not found any evidence that an attachment to the McCloud appeal ever existed. Counsel for Defendant Chavez contacted the KVSP litigation coordinator, conducted further search through additional channels, and could not locate the attachment. The Court concludes that Defendant Chavez has satisfied his Rule 34 obligations with respect to this document by conducting a reasonable search. Additionally, the procedure proposed by Plaintiff to depose McCloud is unworkable for a number of reasons. First, the discovery deadline has passed. Additionally, Plaintiff cannot require the defendants to pay the costs of the deposition, including the cost of hiring a court reporter, and Plaintiff cannot compel opposing counsel to ask a set of questions on his behalf.

On a related note, Plaintiff indicated at the October 20 hearing that he no longer had a copy of his own handwritten copy of McCloud's appeal. Counsel for Defendant Chavez indicated that this document was made part of the exhibits to Plaintiff's deposition. Defendant Chavez is directed to send a copy of the exhibit to Plaintiff within 14 days of this order.

**C. Defendant Statements**

Finally, Plaintiff requests a court order requiring Defendants' statements concerning Appeal No. KVSP-0-11-01299 to be produced. (ECF No. 48.) Production of these documents was ordered on June 22, 2016. (ECF No. 47.) The documents were then produced on June 23.

5

(ECF No. 49-1, p. 2 ¶10.)  Thus, it appears to the Court that the documents were in the process of being produced to Plaintiff by the time Plaintiff filed the instant motion on June 27.  Accordingly, this dispute is now moot.

### III.    CONCLUSION

For the reasons stated at the hearing and in this order, Plaintiff's discovery motion (Doc. 48) is denied.  Defendant Chavez shall send Plaintiff a copy of Plaintiff's handwritten notes concerning inmate McCloud's appeal within 14 days of this order.

IT IS SO ORDERED.

Dated:    **October 24, 2016**              /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

6