UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAVEZ, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01324-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR AN EMERGENCY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 54)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY DAYS |

**I.    BACKGROUND**

Plaintiff Corey Mitchell, an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") has alleged a claim under the Eighth Amendment against Defendant Correctional Officer ("C/O") Chavez and Defendant Sergeant Sheldon for failure to protect.

According to Plaintiff's Second Amended Complaint (ECF No. 11), Plaintiff had been a target of the "2-5" prison gang. Plaintiff had multiple prior altercations with "2-5" gang members while incarcerated. Despite Plaintiff's warnings prison officials that the "2-5" gang intended to kill him, he was placed in a cell with Baylor, a "2-5" gang member. On September 5, 2011, Defendants Chavez and Sheldon ignored Plaintiff's concerns regarding his safety and

directed Plaintiff to accept a cellmate, Baylor, who thereafter stabbed Plaintiff in the chest while they were incarcerated at Kern Valley State Prison ("KVSP").

This Court issued findings and recommendations on July 19, 2016, recommending that Defendant Chavez's motion for summary judgment be denied. (ECF No. 50.) The findings and recommendations were adopted in full on September 14. (ECF No. 53.) The next day, Plaintiff filed a motion for emergency restraining order. (ECF No. 54.)

The Court held a telephonic status conference on October 20, 2016, wherein the Court discussed the pending motions and scheduling for the remainder of the case. Plaintiff orally presented a motion to appoint counsel, which was denied without prejudice for reasons stated on the record. Separate orders will issue concerning the scheduling of a settlement conference, pretrial conference, trial, and related deadlines. An order will be issued separately concerning Plaintiff's discovery motion (Doc. 48). For the following reasons, it is recommended that Plaintiff's motion for emergency restraining order (Doc. 54) be denied.

**II.   DISCUSSION**

**A.  Injunctive Relief**

With respect to preliminary injunctive relief regarding prison conditions, federal statutory law provides that such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, the Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief …" *Id*.

Injunctive relief, whether temporary or permanent, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 22, (2008) (citation omitted). "A plaintiff seeking a[n] . . . injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471(1982). Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir.1985). The pendency of an action related to conduct by specific prison officials however, does in itself not give the Court jurisdiction over prison officials in general. *Id.*; *see also Summers*, 555 U.S. at 491–93; *Mayfield*, 599 F.3d at 969. Thus, the Court's jurisdiction is limited to the parties in pending action and to the viable legal claims upon which this action is proceeding. *Id.*

**B. Plaintiff's Motion**

Plaintiff is presently housed at High Desert State Prison ("HDSP") in Susanville, California. He seeks an injunction preventing a return transfer to KVSP, where Plaintiff states that he has had several altercations with "2-5" gang members, including Baylor.

The defendants have not submitted evidence in opposition to the emergency restraining order request. However, the Deputy Attorney General representing Defendant Chavez informed the Court that it was his understanding from speaking to prison officials that Plaintiff is not presently set to return to KVSP. Rather, it was the Deputy Attorney General's understanding that Plaintiff would be transferred to either the California Correctional Institution ("CCI") or Salinas Valley State Prison ("SVSP"); not KVSP.

Plaintiff responded to this information by indicating that he would prefer to stay at HDSP. Plaintiff stated that he believed that both CCI and SVSP housed "2-5" gang members, and he would be subject to the same threat of attack at those institutions as he would be at KVSP.

While the Court takes Plaintiff's safety concerns seriously, this Court recommends denial of the request for injunction to prevent transfer. First and foremost, the requested injunction goes beyond the scope of the complaint. Plaintiff's complaint concerns a specific attack by another inmate who was housed with Plaintiff some years ago. Plaintiff's requested relief

concerns transfers to other prisons based on the potential presence of 2-5 gang members, regardless of whether they are housed with Plaintiff. Plaintiff's complaint does not provide a basis to find that transfer to another prison would violate Plaintiff's constitutional rights or be deliberately indifferent to Plaintiff's safety and security.

Moreover, Plaintiff's requested relief is too broad in that Plaintiff has rejected three potential prisons. Plaintiff asserts that there is a possibility that he will be under threat of attack by "2-5" gang members at KVSP, CCI, and SVSP. Avoiding three potential prisons based on a perceived threat is, again, not narrowly tailored to address the specific conduct at issue in Plaintiff's complaint.

The Court has limited authority to dictate prison transfers because such an order must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Prison transfers are within the jurisdiction of the CDCR, who is not a party to this action. An order preventing the CDCR from transferring Plaintiff to certain institutions would go beyond the scope of the complaint and invade upon the prison administrators' role in ensuring the safety and security of all of their inmates. *See Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L. Ed. 2d 447 (1979) (providing that the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions, and therefore, "[p]rison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

## III.   RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an emergency restraining order (Doc. 54) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 31, 2016**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE