UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHAVEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-cv-01324-DAD-EPG-PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REOPEN DISCOVERY<br><br>(ECF No. 90)<br><br>ORDER WITHDRAWING PLAINTIFF'S MOTIONS<br><br>(ECF Nos. 77, 78, 79)<br><br>ORDER SCHEDULING TRIAL DATE AND RELATED DEADLINES/HEARINGS |

## I.　BACKGROUND

Plaintiff Corey Mitchell, an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") has alleged a claim under the Eighth Amendment against Defendant Correctional Officer ("C/O") Chavez and Defendant Sergeant Sheldon for failure to protect. Plaintiff alleges in his second amended complaint that on September 5, 2011, Defendants Chavez and Sheldon ignored Plaintiff's concerns regarding his safety and directed Plaintiff to accept a cellmate, Baylor, who thereafter stabbed Plaintiff in the chest while they were incarcerated at Kern Valley State Prison ("KVSP").

Discovery concluded in this case on February 25, 2016. (ECF No. 20.)  Plaintiff's deposition was taken before that date by counsel for Chavez and Sheldon.  On May 5, 2016, Defendant Chavez filed a motion for summary judgment on the merits of the case. (ECF No. 37.)

Attorney Michael Anthony Terhorst of Beeson of Terhorst, LLP substituted for Deputy Attorney General Andrew James Whisnand (Office of the Attorney General) as counsel for Defendant Sheldon on May 4, 2016. (ECF No. 36.)  A request to vacate the discovery schedule based upon counsel for Defendant Sheldon's recent substitution was filed. (ECF No. 39)

A telephonic status conference was held on May 17, 2016. (ECF Nos. 41-42.)  Several pending motions and discovery disputes were addressed at the hearing. (*Id*.)  The Court ordered Defendant Chavez to produce certain documents, or indicate that they are being withheld on the ground of privilege, in which case Defendant Chavez should submit withheld documents for *in camera* review. (*Id*.)  Specifically, the Court ordered Defendant Chavez to produce to Plaintiff inmate McCloud's staff complaint, Appeal #KVSP-0-11-01157, and all related documents including reports of investigation. (ECF No. 41, pp. 2-3.)  The Court also ordered Defendant Chavez to produce the Baylor Crime Incident Report (CIR) and the Rules Violation Report (RVR) of the Baylor incident. (*Id*. at 3).  Finally, the Court denied without prejudice Defendant Sheldon's request to reopen discovery, finding that "defendant Sheldon has been represented by counsel throughout the pendency of this case, and defendant Sheldon's prior counsel previously took Plaintiff's deposition." (*Id*. at 5.)  The Court gave counsel for Defendant Sheldon an opportunity to renew the motion in order to provide more specific information (*Id*.), but the motion was not refiled.

Plaintiff filed a response in opposition to the pending motion for summary judgment on May 27, 2016 (ECF No. 43.)  On June 7, Defendant Chavez filed a reply in support of his motion for summary judgment. (ECF No. 46.)  Defendant Chavez also submitted a brief in support of application of the official information privilege as a basis for withholding production of certain documents, and submitted the withheld documents for *in camera review*. (ECF No. 45.)  The *in camera* submission was reviewed, and the Court issued an order on June 22, requiring further production and finding other information properly withheld. (ECF No. 47.)

2

1    This Court issued findings and recommendations on July 19, 2016, recommending that
2 Defendant Chavez's motion for summary judgment be denied. (ECF No. 50.)  The findings and
3 recommendations were adopted in full on September 14. (ECF No. 53.)

4    After the discovery deadline had passed, Plaintiff filed a discovery motion on June 27,
5 2016. (ECF No. 48.)  The Court held a telephonic status conference on October 20, 2016,
6 wherein several outstanding discovery issues were addressed. (ECF No. 56-57.)  For the reasons
7 stated at the hearing and in a follow-up order, Plaintiff's discovery motion was denied. (*Id*.)  A
8 jury trial (March 7, 2017) and pretrial conference (January 9, 2017) were set before District
9 Judge Dale A. Drozd. (ECF No. 56.)  The pretrial conference was later reset to February 6, 2017,
10 at Plaintiff's request. (ECF Nos. 67, 69.)

11    The Court granted a motion to appoint counsel for Plaintiff on January 3, 2017. (ECF No.
12 73.)  On January 12, 2017, Gabrielle DeSantis-Nield and Edgar R. Nield of the Nield Law Group
13 substituted for Deputy Attorney General Whisnand as counsel for Defendant Chavez. (ECF No.
14 82-83.)

15    On January 20, 2017, the parties filed a stipulation requesting that the March 7, 2017 trial
16 date and deadlines set by a prior scheduling order entered on December 14, 2016 be vacated.
17 (ECF No. 84.)  In light of the recent change of counsel, the Court granted the request and
18 converted the February 6, 2017 pretrial conference to a status conference for the purpose of
19 resetting the trial date. (ECF No. 85.)

20    A status conference was held on February 6, 2017. (ECF No. 89.)  Counsel for Plaintiff
21 requested that discovery be re-opened for limited purposes.  Leave was granted for Plaintiff to
22 file a motion to re-open discovery. (*Id*.)  A follow-up motion hearing and status conference was
23 set for February 17, 2017. (*Id*.)

24    On February 10, 2017, Plaintiff filed a motion for discovery. (ECF No. 90.)  Plaintiff
25 requested that discovery be reopened to conduct discovery in four areas: 1) Designate an expert
26 on standard of care and gangs; 2) Obtain prison records related to daily yard use log at Kern
27 Valley State Prison; 3) Obtain prison records related to inmate Baylor's gang affiliation and
28 photographs of visible tattoos; and 4) Depose Defendants. (*Id*.)  Defendants Chavez and Sheldon

filed an opposition to the motion to reopen discovery on February 15, 2017. (ECF No. 91.)

## II.  DISCUSSION

The Court held a motion hearing and status conference on February 17, 2017. (ECF No. 92.) Plaintiff's motion for discovery (ECF No. 90) was granted, in part, and denied, in part, and new dates were chosen for a Telephonic Trial Confirmation Hearing and Jury Trial before District Judge Drozd.  Specific rulings concerning Plaintiff's motion for discovery (ECF No. 90) were made on the record.

This order provides the relevant background, confirms the legal standard applied, and sets forth the rulings issued at the hearing.

### A.  Legal Standard for Reopening Discovery

The Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  A district court "has wide latitude in controlling discovery." *United States ex. rel. Schumer v. Hughes Aircraft Co*., 63 F.3d 1512, 1526 (9th Cir. 1995), *cert. granted in part*, 519 U.S. 926, 117 S.Ct. 293, 136 L.Ed.2d 212, *vacated on other grounds*, 520 U.S. 939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997) (citing *United States ex rel. Army Athletic Ass'n v. Reliance Ins. Co*., 799 F.2d 1382, 1387 (9th Cir. 1986) (quoting *Foster v. Arcata Assocs*., 772 F.2d 1453, 1467 (9th Cir. 1985)).  A request to modify a discovery schedule requires a showing of good cause and the court's consent. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

"The decision to reopen discovery rests in the sound discretion of the court." *Perkins v. Contra Costa Cty. Sheriff's Dep't J-Team*, No. C 07-02013 CW, 2010 WL 539260, at *2 (N.D. Cal. Feb. 9, 2010) (citing *Hughes*, 63 F.3d at 1526).  Courts consider the following factors when deciding whether to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence." *Id.*

**A. Rulings Issued on the Record**

1. Plaintiff's request to reopen discovery for the purpose of obtaining prison records related to daily yard use log at Kern Valley State Prison is denied.

2. Plaintiff's request to reopen discovery for the purpose of obtaining prison records related to inmate Baylor's gang affiliation and photographs of visible tattoos is granted. Defendants are directed to produce any such records within their possession, custody, or control. Plaintiff also has leave to issue a third party subpoena to the CDCR to obtain these documents.

3. Plaintiff's request to reopen discovery for the purpose of designating an expert on standard of care and gangs is denied.

4. Plaintiff's request to reopen discovery for the purpose of deposing Defendants is granted. The deposition of each Defendant shall be limited to a duration of three and a half hours. The parties are encouraged to schedule the depositions on a single day.

5. Defendant Sheldon's request to reopen discovery for the purpose of deposing Plaintiff is denied.

6. Plaintiff's pretrial statement (ECF No. 76) and motions for attendance of witnesses (ECF Nos. 77-79) are withdrawn.

**B. Scheduling**

A Jury Trial is set for 6/20/2017 at 01:00 PM in Courtroom 5 (DAD) before District Judge Dale A. Drozd.

The Telephonic Trial Confirmation Hearing is set for April 17, 2017 at 3:30 p.m., in Courtroom 5, before District Judge Dale A. Drozd.

The parties shall jointly prepare a pretrial statement pursuant Local Rule 281.

Motions for the attendance of incarcerated witnesses, if any, must be filed on or before April 1, 2017. Oppositions, if any, must be filed on or before April 10, 2017.

\\\
\\\
\\\
\\\

### III. CONCLUSION

For the reasons explained at the February 17, 2017, hearing, Plaintiff's motion for discovery (ECF No. 90) is granted, in part, and denied, in part.

IT IS SO ORDERED.

Dated: **February 21, 2017**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE