UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHAVEZ and SHELDON,<br><br>　　　　　Defendants. | No. 1:13-cv-01324-DAD-EPG<br><br>ORDER DIRECTING PLAINTIFF TO FILE MOTION FOR ATTORNEYS' FEES AND SETTING BRIEFING SCHEDULE |

Following the first phase of a bifurcated trial, the jury returned a verdict in favor of plaintiff in all respects. Prior to commencement of the punitive damages phase of the trial, the parties settled the case. (Doc. Nos. 167–68.) Thereafter, the parties submitted a stipulation on November 7, 2017 requesting that the case be dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (Doc. No. 177.) The stipulation also indicated the parties agreed to have the court retain jurisdiction over enforcement of the settlement agreement, including "to determine the issue of attorney fees and costs."[1] (*Id.*) On November 28, 2017, the court rejected the parties' stipulation, because its terms appeared

---

[1] The parties did not, however, reached any agreement in their settlement about whether plaintiff is a "prevailing party" entitled to receive attorneys' fees under 42 U.S.C. § 1988. (Doc. No. 183-1 at ¶¶ 4–5.)

1

internally inconsistent.[2] (Doc. No. 179.) The court directed the parties to file status reports within fourteen days advising whether a motion for attorney's fees and costs would be filed, and addressing any other matter they believed appropriate to the expeditious resolution of this case. (*Id.*) The parties filed status reports on December 11, 2017. (Doc. Nos. 183, 184.) Defendant Sheldon objected to plaintiff's status report on December 13, 2017. (Doc. No. 185.) Plaintiff responded to the objections on December 14, 2017. (Doc. No. 186.)

In his submissions to the court, plaintiff argues that he is entitled to an award of attorneys' fees, and that the court should enter an order dismissing the case and retaining jurisdiction to hear an attorneys' fee motion to be filed within fourteen days of the dismissal and entry of judgment.[3] (Doc. No. 184 at 9.) Alternatively, plaintiff indicates that an order setting a time for the filing of the attorneys' fee motion prior to dismissal would be acceptable. (*Id.*) Defendants suggest that the court should simply dismiss this action without hearing a motion for attorneys' fees and apparently without retaining jurisdiction to do so. Defendants base this suggestion on the grounds that plaintiff "has delayed in the filing of a Motion for Attorney Fees" and has "unfairly exploited" his opportunity to advise the court when such a motion would be filed. (Doc. No. 185.)

/////

---

[2] A court may retain jurisdiction to enforce a settlement agreement only if it does so explicitly by order. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) ("[E]ven a district court's expressed intention to retain jurisdiction is insufficient to confer jurisdiction if that intention is not expressed in the order of dismissal.").

[3] Motions for attorneys' fees must typically be filed within fourteen days of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Some courts do not permit the filing of motions for attorneys' fees prior to the entry of judgment. *See Martinez v. Colvin*, No. 14cv3043 BTM(WVG), 2017 WL 766665, at *2 (S.D. Cal. Feb. 27, 2017); *Waikoloa Dev. Co. v. Hilton Resorts Corp.*, No. 13-00402 DKW-BMK, 2014 WL 4449895, at *1 (D. Haw. Sept. 9, 2014); *Valenzuela v. Cochise County*, No. CV-12-00463-TUC-CKJ, 2014 WL 2584824, at *2 (D. Ariz. June 10, 2014); *Holy Trinity Greek Orthodox Church v. Church Mut. Ins. Co.*, No. CIV-04-1700-PHX-SMM, 2006 WL 1889542, at *2 (D. Ariz. July 6, 2006). *But see FAS Techs., Ltd. v. Dainippon Screen Mfg., Co., Ltd.*, No. C 00-01879-CRB, 2001 WL 1159776, at *6 (N.D. Cal. Sept. 21, 2001) (noting opposing party had cited no authority "which requires a party to wait until judgment is actually issued to file and have heard a motion for fees").

2

Plaintiff is hereby directed to file any motion for attorneys' fees he wishes to pursue by no later than January 9, 2018[4], to be noticed for hearing on February 6, 2018 or as soon thereafter as it may be convenient for the court to hear the matter. Opposition from defendants will be due by January 23, 2018 and may include argument as to why plaintiff should be precluded from moving for an award of attorneys' fees on any grounds. Should plaintiff wish to file a reply, it must be submitted by January 30, 2018.

IT IS SO ORDERED.

Dated: **December 20, 2017**

_____
UNITED STATES DISTRICT JUDGE

---

[4] Any failure to do so within the time provided by this order will be deemed a waiver of the issue.