EXHIBIT A

*Curriculum Vitae*
*(Current as of 8/30/17)*

# DANIEL O. JAMISON

Dowling Aaron Incorporated
8080 North Palm Avenue, Third Floor
Fresno, California 93711
(559) 432-4500

**SUMMARY:**   Civil litigation attorney since 1978 with broad practical experience in health law and business litigation.

## DETAILS

**EDUCATION:**

- J.D. – University of California, Davis 1977
    *Member Honors Intramural Moot Court Championship Team*

- B.A. in Philosophy – University of California, Berkeley 1974

- Claremont Men's College 1970 – 1972

**ADMITTED TO PRACTICE:**

- California State Bar 1977, Bar Number 076880

- United States District Court for Eastern District of California 1977

- United States District Court for Northern District of California 1982

- U.S. Court of Appeals, Ninth Circuit 1987

- United States Supreme Court 2011

- United States District Court for the Central District of California 2014

**EMPLOYMENT:**

- Dowling Aaron Incorporated (formerly known as Dowling, Aaron & Keeler, Inc.), Fresno, California
    *Preferred Shareholder* 2005 -
    *Co-Chair Litigation Department* 2008-2009
    *Chair, Health Law Section* 2007-

- Law Offices of Daniel O. Jamison, A Professional Corporation, Fresno, California
    *Sole Shareholder* 1999-2005

- Sagaser, Franson, Jamison & Jones, Inc. (formerly Sagaser, Hansen, Franson & Jamison, Inc.), Fresno, California
    *Shareholder* 1995-1999

- Stammer, McKnight, Barnum & Bailey, Fresno, California 1978-1995
    *Partner* 1983-1995

- Law Clerk for the Honorable M.D. Crocker, United States District Court for the Eastern District of California 1977 – 1978

## PROFESSIONAL AFFILIATIONS AND RECOGNITION:

- Fresno County Bar Association
- State Bar of California
- American Bar Association
- Federal Bar Association
- Fresno County Judicial Arbitration Panel
- Marquis Who's Who in America
- Marquis Who's Who in American Law
- Marquis Who's Who in the World
- AV® Preeminent™ Peer Review Rated – Martindale-Hubble Law Directory[**]
- Early Neutral Evaluation Panel, U.S. District Court, Eastern District of California
- The Martindale-Hubbell Bar Register of Preeminent Lawyers
- Charter Member, Eastern District of California Historical Society
- Sustaining Member, Ninth Judicial Circuit Historical Society
- California Society for Healthcare Attorneys
    - Listed on California Society for Healthcare Attorneys List of Trained Hearing Officers
- American Health Lawyers Association
- Association of Business Trial Lawyers - San Joaquin Valley
- American Health Lawyers Association ADR Panel
- Fresno County, Tulare County and Kings County Superior Court Mediation Panels
- Fresno County Superior Court Early Neutral Evaluation Panel
- Past Panel Member, American Arbitration Association
- *Fresno Magazine*, July 2008 – named one of the "Best Attorneys in Fresno"
- Super Lawyers of Northern California

## PROFESSIONAL ACTIVITIES:

- Volunteer Attorney Coach, California High School Mock Trial Competition
- 1995-1996 Co-Chair of Fresno County Bar Association Law Day Committee
- Fresno County Annual Law Week Volunteer Speaker
- Attorney Volunteer, Center for Advanced Research and Technology Community Justice Project, 2016-2017.

---

[**] *"AV® Preeminent™ and BV® Distinguished™ are certification marks of Reed Elsevier Properties Inc., used in accordance with the Martindale-Hubbell certification procedures, standards and policies."*

**VOLUNTEER ACTIVITIES:**

- Board of Advisors to President General and Executive Committee, National Society Daughters of the American Revolution (2007-2008)
- State Judge, DAR Outstanding Teacher of American History Contest (2006, 2007)
- Clovis West High School African-American Student Union "Real Men Can Cook For Education" Scholarship Program 2006, 2008

**SELECTED PUBLICATIONS:**

- Jamison, Daniel O. (2003). *Protecting the Healthcare Fisc in False Claims Act Cases: The Role of Commercial Liability Insurance in California, Florida, Pennsylvania, and New York.* Health Lawyers News, 7 (10), 26-32.

- Jamison, Daniel O. (2003). *Challenging Welfare & Institutions Code Section 14087.28: Can the Selective Provider Contracting Program Lawfully Limit Exclusive Contracts to Pathology, Radiology and Anesthesiology?* California Health Law News, 22 (1), 14-20.

- Jamison, Daniel O. (2001). *Can Hospitals Successfully Sue Liability Insurers for Refusing to Defend or Indemnify Actions Brought Under the Federal or State False Claims Act?* California Health Law News, 20 (2), 37-42

- Op-Ed, *"Achieving Consensus on Healthcare Not Easy"* The Bakersfield Californian, 1/16/10.

- Op-Ed, *"Law Can't Provide Remedy Without a Wrong"* The Fresno Bee, 2/20/10

- Op-Ed, *"Privacy of Patients is Overregulated"* The Fresno Bee, 6/5/10

- Op-Ed, *"Stark Law: Another Example of Medicine's Hidden Costs"* The Bakersfield Californian, 10/12/10

- Op-Ed, *"Napoleon's Question in a Facebook Age"* The Fresno Bee, 5/10/12

- Op-Ed, *"'Obamacare' and the slippery-slope path to tyranny"* The Business Journal, 6/15/12

- Op-Ed, *"Pop Quiz: Why study American history?"* The Fresno Bee, 1/4/13

- Op-Ed, *"All Children Need to Learn about our Noble Experiment"* The Modesto Bee, 1/22/13

- Op-Ed, *"Remember Cold Harbor!"* The Fresno Bee, 8/27/13

- Op-Ed, *"What else lurks in Affordable Care Act?"* The Fresno Bee, 12/13/13

- Op-Ed, *"Crisis in our Federal Courts"* The Fresno Bee, 5/7/14

- Op-Ed, *"Mental Illness v. Liberty"* The Fresno Bee, 9/16/14

- Op-Ed, *"Can government lying be constitutional?"* The Fresno Bee, 1/1/15

- Op-Ed, *"History's universal truths"* The Fresno Bee, 4/30/15

- Op-Ed, *"Is Obamacare a Mistake?"* The Fresno Bee, 1/11/16

- Op-Ed, *" 'Tweets' of the Founders"* The Fresno Bee, 3/20/16

- Op-Ed, *"Achieving Consensus on Changes to Obamacare will not be easy"* The Fresno Bee, 6/12/16

- Op-Ed, *"AI shapes new worlds, abandons the real one"* The Mercury News, 7/22/16

- Op-Ed, *"Pitchforks, clubs and the Constitution"* The Fresno Bee, 9/18/16

- Op-ed, *"Thanks to Latin, I'm still 'practicing' law"* The Fresno Bee, 12/1/16

- Op-ed, *"Will racial divisions be fatal to American Democracy?"* The Fresno Bee, 3/2/17

- Op-ed, *"How to achieve a lasting, bipartisan solution to health care."* The Fresno Bee, 5/19/17

- Op-ed, *"Who's to blame for America's lousy character?"* The Fresno Bee, 7/2/17

**PRESENTATIONS:**

- *Speaker*, Fresno County Women Lawyers – "Common Sense and Cross-Examination" (2016)

- *Speaker*, Central California Legal Services – "Direct and Cross-Examination" (2016)

- *Speaker,* Fresno Estate Planning Council – "'Obamacare': Mistake or Not?" (2015)

- *Speaker*, Mid-State Medical Group Management Association (MGMA) – "The HIPAA Security Risk Analysis and Mobile Devices" (Spring 2014)

- *Speaker*, National Renal Physicians Association Annual Conference, Baltimore, MD – "There is a New Sheriff in Town – Taming the Wild West of HIPAA Compliance" (Spring 2014)

- Numerous solo (and one as panel member) seminars on Obamacare For Employers in Fresno, Tulare, Kings and Kern Counties for Chambers of Commerce, other organizations, and San Joaquin College of the Law (2013 and 2014)

- *Panelist*, American Health Lawyers Association National Teleconference Program – "ADR In Credentialing and Peer Review: Whether, When and How ADR Might be Helpful." (2005)

- *Speaker*, Fresno County Economic Development Corporation Brokers' Breakfast – "The Role of Commercial Liability Insurance in the Clean-Up of Environmentally Damaged Property: A Case Study" (June 2004)

- *Speaker*, Real Property Section, Fresno County Bar Association – "Malpractice Risks in Failing to Address the Business Client's Liability Insurance Rights" (July 2003)

- *Speaker*, Business Law Section, Fresno County Bar Association – "Malpractice Risks in Failing to Address the Business Client's Liability Insurance Rights" (April 2003)

- *Panelist*, Lorman Education Services - "Health Care Corporate and Physician Compliance Programs in California" (2001)

- *Speaker*, Agricultural Law Section of Fresno County Bar Association – "Insuring Directors and Officers: The Lindsay Olive Growers Bankruptcy" (2000)

- *Panelist*, California Continuing Education of the Bar – "Selected Issues in Handling Discrimination and Wrongful Termination Cases" (1997)

- *Panelist*, California Society for Healthcare Attorneys – "Emergency Services and Uncompensated Care – Who Must Provide Services? Who Must Pay?" (1988)

## COMMUNITY AFFILIATIONS:

- Past Member, Associates of Valley Children's Hospital
- CSU-Fresno Bulldog Foundation
- Fresno City & County Historical Society Member
- Fresno County Economic Development Corporation
- Member, San Joaquin River Parkway and Conservation Trust, Inc.
- Member, Board of Directors Fresno Business Council, 2017

## SELECTED REPORTED CASES[**]

### Home Builders Ass'n of Tulare/Kings Counties, Inc. v. City of Lemoore
### 185 Cal. App. 4th 554 (2010)

In this case, Daniel O. Jamison defended the City of Lemoore and its City Council in its Official Capacity against the Home Builders Association's allegation that multiple impact fees (East and West Side Fire, Police, NonQuimby Park Land Acquisition, Park Improvement, Municipal Facilities, Community Recreation, and Refuse Vehicle and

---

[**] Case summaries are not to be construed as or relied on as legal advice.

Container Impact Fees) and two Quimby-related enactments (Quimby Ordinance and Quimby Fee in Lieu of Land Dedication) were illegal. The Home Builders Association also alleged that the City's collection, administration and accounting for impact fees were unlawful. The trial court found in favor of the City on all issues except for the Park Improvement Fee, which the trial court determined was preempted by the Quimby Act. On the Home Builders Association's appeal, save for the East Side Fire Impact Fee, the Court of Appeal affirmed the judgment of the trial court.

### Unnamed Physician v. Board of Trustees (2001)
### 93 Cal. App.4th 607, 113 Cal. Rptr. 2d 309

In this case, Daniel O. Jamison sought mandamus on behalf of the Unnamed Physician to compel a hospital and its medical staff to comply with certain of the physician's fair hearing rights codified in California Business & Professions Code Sections 809 et seq. The trial court summarily denied mandamus. While the case was on appeal, the hospital and medical staff complied in large measure with the physician's requests, thereby rendering the appeal moot. The Court of Appeal nevertheless noted that compliance with the code sections that were in issue before the appeal became moot could be compelled by mandamus without exhausting administrative remedies and awarded costs to the physician.

### Major v. Memorial Hospitals Association (1999)
### 71 Cal. App.4th 1380, 84 Cal. Rptr. 2d 510

In this case, three anesthesiologists, one of whom was African-American, sued the hospital and others when an exclusive contract was awarded to a competing group of anesthesiologists who chose not to offer the three plaintiffs subcontracts to continue practicing. The three anesthesiologists alleged violation of the Unruh Civil Rights Act, breach of contract, civil conspiracy, and tortious interference with professional business relationships. After a trial lasting approximately four months, Daniel O. Jamison successfully defended the hospital, a former CEO and a former Chief of Staff on all claims. The Court of Appeal affirmed the judgment, expressly reaffirming the Mateo-Woodburn (see below) decision and rejecting the plaintiffs' assertion that a hospital has a legal obligation to offer an incumbent physician a position in the closed department.

### Mateo-Woodburn v. Fresno Community Hospital (1990)
### 221 Cal.App.3d 1169, 270 Cal. Rptr. 894

Daniel O. Jamison successfully represented Fresno Community Hospital and certain of its officers in this action brought by several anesthesiologists to enjoin Fresno Community Hospital from granting an exclusive contract for the operation of its anesthesia services. The physicians also sought damages. The case established that a department of anesthesia can be reorganized to the exclusion of staff anesthesiologists when the reorganization is not based on the competency, qualifications, or character of the excluded physicians, but is instead directed at organizational deficiencies that are repugnant to high quality patient care.

**Paredes v. County of Fresno (1998)**
**203 Cal.App.3d 1, 249 Cal. Rptr. 593**

Daniel Jamison represented the County of Fresno in this action by certain citizen taxpayers to compel the county to take action against operators of small public water systems that were contaminated with DBCP above the State's informal "action level" of 1 part per billion. The Court of Appeal affirmed the court's order granting summary judgment for the county, holding that the "action level" was not an enforceable maximum safe drinking water standard and that Fresno County was otherwise acting lawfully.

**Madera Community Hospital v. County of Madera (1984)**
**155 Cal.App.3d 136, 201 Cal.Rptr. 768**

Daniel Jamison successfully appealed the trial court's refusal to grant Madera Community Hospital's petition for a Writ of Mandamus commanding Madera County to adopt a program for indigent healthcare under Welfare and Institutions Code Section 17000. The case established that private hospitals have standing to enforce a county's obligation to provide healthcare to indigents. Madera County ultimately was ordered to adopt an indigent healthcare program that took Madera Community Hospital into account. A long-lasting contract satisfactory to both parties was then entered into.

**City of Fresno v. Frampton (1983)**
**560 F. Supp. 31 (E.D. Cal. 1983)**

Daniel Jamison represented Fresno-Merced Counties Legal Services, Inc., and certain of its attorneys in a suit for malicious prosecution brought against them by the City of Fresno and certain of its police officers. The court granted the defendants' motion to dismiss for lack of federal subject matter jurisdiction, noting that federal jurisdiction is not present in a suit for malicious prosecution merely because the city and police officers were required to show that defendants lacked probable cause to sue them under federal law.

**Turpin v. Sortini (1982)**
**31 Cal.3d 220, 182 Cal. Rptr. 337**

In this historical case, Daniel O. Jamison obtained from the California Supreme Court under Chief Justice Rose Bird a severe restriction on the amount of damages recoverable against healthcare providers in so-called wrongful life lawsuits. Under this case, California law potentially permitted a child whose physician had failed to diagnose a hereditary defect in an older sibling to sue for millions of dollars in general damages on the ground that the younger sibling, who suffered the same hereditary defect, would not have been conceived by the parents had they known of the hereditary defect. This case eliminated exposure to such damages for these types of cases.