Daniel O. Jamison, Esq. (SBN 76880)
Micah K. Nilsson, Esq. (SBN 250919)
Justin L. Thomas, Esq. (SBN 288590)
**DOWLING AARON INCORPORATED**
5080 California Avenue, Suite 340
Bakersfield, CA 93309
Telephone: 661-716-3000
Email: djamison@dowlingaaron.com; mnilsson@dowlingaaron.com
jthomas@dowlingaaron.com

Attorney for Plaintiff, COREY MITCHELL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHAVEZ, ET AL<br>　　　　　Defendants. | Case No. 1:13-cv-01324-DAD-EPG<br><br>**DECLARATION OF JUSTIN L. THOMAS IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**<br><br>Judge: Hon. Dale A. Drozd |

JUSTIN L. THOMAS DECLARES:

1. I am an attorney at law and am a member of the Bar of this Court. I am employed with Dowling Aaron Incorporated, attorneys of record for Plaintiff Corey Mitchell. I have personal knowledge of the matters stated herein and if called as a witness, I am competent to testify to these matters.

2. Attorney Micah Nilsson is also employed with Dowling Aaron Incorporated. A true and correct copy of our respective biographies as they appear on our firm's website are attached hereto as Exhibits A and B. Exhibits A and B accurately reflect a summary of the education, training and certain experience of myself and Mr. Nilsson. My billable rates during the case were $225 and $250. Mr. Nilsson's billable rates were $350 and $375.

///

3. Attached hereto as Exhibit C is a true and correct copy of a current resume for Kay Burnett, who is a paralegal employed with my firm. The attached resume accurately reflects the education, training and experience of the paralegal.

4. On January 3, 2017, the Court appointed Daniel Jamison, Micah Nilsson and me, Dowling Aaron Inc., to represent Plaintiff Corey Mitchell in this case. Counsel were appointed because Mr. Jamison is a member of the pro bona panel of the Court for prisoner cases.

5. This case involves an action brought under 42 U.S.C. § 1983, in which a jury ultimately found that Defendants violated Plaintiff Corey Mitchell's Eighth Amendment Constitutional Right to be free of cruel and unusual punishment by failing to protect him from a serious risk of harm. A true and correct copy of the Verdict Form of August 18, 2017 is attached hereto as Exhibit D.

6. On September 5, 2011, Mitchell was stabbed by his cell-mate that Defendants had arranged to be transferred into Mitchell's cell.

7. Plaintiff filed a complaint in court on August 21, 2013 naming Defendant Chavez, Defendant Sheldon and others as Defendants. Plaintiff claimed Defendants were deliberately indifferent to a substantial risk of harm against him, that Defendants knew of and disregarded a substantial risk of harm by failure to take reasonable measures to address the risk by arranging for the cell transfer.

8. In March 2015, Pursuant to 28 U.S. Code § 1915A, the court screened Plaintiff's complaint and dismissed all claims and defendants other than the failure to protect claim against defendants Sheldon and Chavez.

9. Thereafter, the Court appointed Daniel O. Jamison, Micah N. Nilsson and me, Dowling Aaron Inc., to represent Plaintiff Corey Mitchell in this case, on January 3, 2017. A true and correct copy of said Order of January 3, 2017, is attached hereto as Exhibit E. As Plaintiff initially represented himself, little discovery was done. Mr. Nilsson and I are and were based in Bakersfield and were closer to the Plaintiff's prison than Mr. Jamison, who is and was based in Fresno. This arrangement saved time in traveling to and from the prison, but meant that

///

Mr. Nilsson and I would need to travel to Fresno for trial. This trade-off in time incurred and time saved is and was felt to be reasonable under the circumstances.

10. On January 20, 2017, the parties filed a stipulation requesting that the March 7, 2017 trial date and deadlines set by a prior scheduling order entered on December 14, 2016 be vacated. In addition, because discovery had been closed by the time the Court appointed counsel for Plaintiff, counsel for Plaintiff moved to reopen discovery. Plaintiff's motion was granted, in part, and denied, in part. My requests to subpoena additional prison records, and to depose Defendants was granted. In preparation for the trial, we spent substantial amount of time conducting the discovery, which included taking the Defendants' depositions and subpoenaing prison records; reviewing thousands of medical and prison records; an on-site conference with Mr. Mitchell; multiple telephonic conferences and written correspondence with Mr. Mitchell; researching the law as it applies to this case; subpoenaing percipient witnesses and preparing pre-trial documents, opening statement, closing argument and witness examination questions.

11. On the date of the continued trial, August 15, 2017, Mr. Nilsson and I appeared for trial. Counsel and the Court spent the entire day on pre-trial matters. A jury was chosen and trial began, on August 16, 2017, and continued until the day of the verdict on August 18, 2017. Mr. Nilsson and I were present for all days of trial. A true and correct copy of the Minutes of Jury Trial, from August 15, 2017, to August 18, 2017, are attached hereto as Exhibit F-I.

12. The jury deliberated on the last day of trial and returned a unanimous verdict in favor of Mr. Mitchell. The verdict awarded $100,000 to Mitchell for compensatory damages. The jury also found that the elements for punitive damages existed, and a further trial on the issue of punitive damages was set. Prior to the punitive stage of the trial, the parties settled. Mr. Nilsson and I attended a settlement conference on August 23, 2017 and a settlement was reached. The settlement, which was put on the record, included that the court would retain jurisdiction to enforce the settlement and to determine attorney's fees and costs. In addition to the settlement, the parties entered into a stipulation for dismissal, which stipulated that the Court would retain jurisdiction to enforce the settlement agreement and to decide costs and fees.

///

13. Plaintiff's attorneys, and paralegal put in a total of 576.5 hours in litigating this case, including the time I spent researching and writing this motion and the additional briefing regarding recovering attorney's fees. At the attorneys' and paralegals' full rate, the total fees for legal services rendered is $160,049.50 at an average hourly rate of $266.22, the including total for my work on this motion and the briefing on the appropriateness of attorney's fees. When reduced by the attorney fee limits imposed by 42 U.S.C. § 1997e, of a maximum of $198.00 ($132 x 1.5) per hour, those fees are reduced to $120,700.10 (See Page from the Internet Site of the United States Courts "The Defender Service Program," Ex. K (noting the maximum amount paid for Public Defenders in non-capital cases (set under 18 U.S.C. § 3006A) is $132/hour). In addition, Plaintiff's law firm incurred $6697.54, in costs, which include computer research fees, filing fees, processor fees, travel charges, copying costs and witness fees. Mr. Nilsson and I incurred costs traveling from Bakersfield for trial and an on-site conference with Mr. Mitchell. The total costs incurred in this case are $6697.54, all of which are reimbursable attorneys' fees, within the meaning of section 1988. At least, $2,817.99 in expenses has been paid from the Court's Non Appropriated Fund. Any expenses which have been reimbursed from the fund will be reimbursed from the costs awarded here. All of the above costs and fees would customarily be billed to clients in the firm's practice. The attached time records have been redacted to preserve the attorney-client and work product privileges.

14. Attached hereto as Exhibit J is a true and correct copy of a Billing Statement related to this case generated by Plaintiff's law firm, showing the attorney's fees and some of the costs related to this case. I believe the time and charges shown on Exhibit J were reasonably incurred in this case to obtain an outstanding result. As noted on the last page of Exhibit J, the hours billed have already been reduced to reflect a reasonable rate. Under the written settlement agreement, a copy of which is attached hereto as Exhibit L, the defendants and their principal will pay a total of $160,000 to or for Mr. Mitchell as described therein.

15. Attached hereto as Exhibit K is a true and correct copy from the Internet site of the United Sates Courts, entitled "The Defender Service Program, which notes that the maximum amount of $132 per hour paid for Public Defenders in non-capital cases.

16. Mr. Jamison, Mr. Nilsson and I performed this legal work after being appointed by the Court, and undertook this work expecting that it could be in lieu of other work for paying clients.

17. We obtained a very favorable result on behalf of Plaintiff, receiving a total verdict of $100,000, in a prisoner civil rights case and ultimately settled for $160,000. Prisoner civil rights cases rarely have such a favorable result. In addition, the rights involved in this action, those of the proper protection and humane treatment of prisoners, are important and valuable rights that must be protected by a humane and advanced society.

18. The Plaintiff was represented by an experienced legal team. I have been an attorney for four years and during that time, I have practiced in litigation.

19. Micah Nilsson is also an experienced litigator. He was admitted to the State Bar of California in 2007 after having received his Juris Doctorate degree from the University of California, Davis School of Law. He is a member of the firm's Litigation Department, Managing Shareholder of the firm's Bakersfield office, and has an extensive practice in the area of civil litigation. He has tried numerous cases to verdict.

I declare under penalty of perjury that the above is true and correct.

Executed this 9th day of January, 2018

/s/ Justin L. Thomas
JUSTIN L. THOMAS

# PROOF OF SERVICE

STATE OF CALIVFORNIA  )
                      ) SS
COUNTY OF KERN        )

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen (18) years and not a party to the within-entitled action. My business address is Dowling Aaron Incorporated, 5080 California Avenue, Suite 340 Bakersfield, California, 93309. On January 9, 2018, I served the within document(s):

**DECLARATION OF JUSTIN L. THOMAS IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

☒ **BY ELECTRONIC CM/ECF SYSTEM:** I hereby certify that on January 9, 2018, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

| | |
|---|---|
| Gabrielle De Santis Nield | Michael Anthony Terhorst |
| Edgar R. Nield | BEESON TERHORST, LLP |
| NIELD LAW GROUP, APC | 510 Bercut Drive, Suite V |
| Westlake Professional Center | Sacramento, CA 95811-0111 |
| 679 Encinitas Blvd, Suite 201 | **For Defendant Sgt. Sheldon** |
| Encinitas, CA 92024 | |
| **For Defendant Chavez** | |

I further certify that some of the participants in the case are not registered CM/ECF users. On **DATE, 2017,** I have mailed the foregoing documents by first class mail postage pre-paid or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the above-named non-CM/ECF participant(s).

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 9, 2018, at Bakersfield, California.

/s/ Rhonda Sandidge
Rhonda Sandidge