UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>CHAVEZ, et al.,<br><br>        Defendants. | No. 1:13-cv-01324-DAD-EPG<br><br>ORDER ADOPTING STIPULATION AND CONTINUING DATES<br><br>(Doc. No. 201) |

On December 21, 2017, this court issued an order directing plaintiff's counsel to file a motion for attorneys' fees, if sought, and to notice the motion for hearing on February 6, 2018 or as soon thereafter as it may be convenient for the court to hear that motion. (Doc. No. 189.) On January 4, 2018, counsel for defendant Chavez filed two notices of unavailability, indicating defense counsel was unavailable on February 6, 2018. (Doc. Nos. 190, 191.) On January 9, 2018, plaintiff's counsel filed their motion and, as directed, noticed it for hearing on February 6, 2018. (Doc. No. 194.) On January 10, 2018, counsel for defendant Sheldon likewise filed two notices of unavailability. (Doc. Nos. 190, 191, 198, 199.) On January 11, 2018, this court issued a minute order directing the parties to meet and confer about their schedules and submit a stipulation and proposed order to move the hearing date. (Doc. No. 200.) The court also directed

/////

/////

1

in that order that the parties were to cease filing notices of their unavailability with the court.[1]
That same day, counsel supplied a stipulation signed by all parties requesting the hearing date be moved to March 6, 2018, that the due date for defendants' opposition be continued to February 16, 2018, and that the due date for plaintiff's reply be continued to February 27, 2018. (Doc. No. 201.)

Good cause appearing and given the stipulation of the parties, the stipulation is adopted. Defendants' opposition to plaintiff's motion for attorneys' fees is due **February 16, 2018**. Plaintiff's reply to defendants' opposition is due **February 27, 2018**. The motion will be set for hearing on **March 6, 2018 at 9:30 a.m**.

IT IS SO ORDERED.

Dated: **January 12, 2018**  _____
UNITED STATES DISTRICT JUDGE

---

[1] The filing of notices of unavailability in California stems from a California Court of Appeals decision upholding the award of sanctions against an attorney who, knowing that opposing counsel was out of the country on a pre-planned vacation, scheduled depositions, motions, and court appearances during that time in order to harass opposing counsel. *See Tenderloin Housing Clinic, Inc. v. Sparks*, 8 Cal. App. 4th 299, 304–07 (1992). While this practice has apparently become commonplace in California courts, even those courts have cautioned that, "[t]o the extent this practice attempts to put control of the court's calendar in the hands of counsel—as opposed to the judiciary—it is an impermissible infringement of the court's inherent powers." *Carl v. Superior Court*, 157 Cal. App. 4th 73, 75, 77 (2007) (also noting that "a 'notice of unavailability' is not a fileable document under the Rules of Court and will be returned to counsel"); *see also In re Marriage of Falcone*, 164 Cal. App. 4th 814, 825 (2008) (noting that filing requirements in a civil case are not "modified when a party decides to take a vacation"). Should counsel desire to move pending deadlines in this court, they may do so by way of stipulation or, if agreement cannot be reached, by motion or *ex parte* application, as set forth in the Local Rules of this court. *See* L.R. 144 (concerning extending and shortening time); L.R. 230(f) ("All stipulations for continuance [of a motion set for hearing] shall be submitted for approval to the Court.").